## GOVERNMENT OF THE VIRGIN ISLANDS, ex rel. Esther D. PETERSEN,

v.

## Antonio MESSER, Appellant.

### No. 02–2548.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 29, 2003.

Decided June 23, 2003.

Before ROTH, MCKEE, Circuit Judges, and COWEN, Senior Circuit Judge.

### OPINION OF THE COURT

PER CURIAM.

Antonio Messer appeals the district court's determination that it lacked jurisdiction to consider his challenge to the validity of a child support order. We will affirm the decision of the district court.

Inasmuch as the district court has already set forth the factual and procedural history of this case, we need not repeat that history here. *See Messer v. Gov't of V.I. ex rel. Petersen*, 203 F.Supp.2d 399 (D.Vi.2002). The district court correctly noted that Messer failed to timely challenge the validity of the administrative officer's April 5, 2001 modified support order. However, 16 V.I.C. § 354 required him to appeal that officer's decision "to a Family Division judge of the Territorial Court within 20 days of the entry of the order." 16 V.I.C. § 354(b). Instead, he

attempted to challenge the validity of the order for the first time before the district court. His failure to follow the procedural prerequisites of § 354 resulted in a waiver of his right to dispute the hearing officer's decision to retroactively amend the support order. *See Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir.1992) (noting that "[i]t is axiomatic that a party who fails to object to errors or to raise issues at trial waives the right to complain on appeal").[1] Moreover, Messer can not now complain about this result because it is the result of his failure to appeal the amended child support order to the Territorial Court as required by Virgin Islands law. We will therefore affirm the decision of the district court.

---

1. Although *Fleck* did not involve Virgin Island law, it supports the generally prevailing principle that a party who fails to appeal an order thereby waives any objection to it, other than those based upon jurisdiction.